HAMITER, Justice.
John Lee Hill was charged in a bill of information with the violation of LRS 14:-285 in that he, on October 17, 1962, unlawfully made a local anonymous telephone call to a named female wherein he used vulgar, obscene, profane, loud [lewd], lascivious and indecent language and threats. On the mentioned date such statute (Act No. 121 of 1958) recited in part: “No person shall engage in or institute a local telephone call, conversation or conference of an anonymous nature and herein use obscene, profane, vulgar, lewd, lascivious or indecent language, suggestions or proposals of an obscene nature and threats of any kind whatsoever.”
In a motion for a bill of particulars the defendant requested that he be informed as to (1) the obscene, indecent, etc., language *463 used and (2) the specific threats that he allegedly made. The state responded by saying: (1) Words and proposals to the effect that he desired sexual intercourse with her, and (2) none other than that inherent in the foregoing language.
Thereupon, the accused’s counsel filed a motion to quash, it involving our holding in State v. Hertzog, 243 La. 647, 146 So.2d 149. In support of the motion he asserted that this court in the Hertzog case had held that a threat was an essential element of the crime charged, whereas the language set forth in the answer to the motion for a bill of particulars did not disclose an act of that nature.
Accepting the assertion of counsel for the defendant (that we had ruled in the Hertzog case that a threat was a necessary element of the crime), and holding that the language contained in the state’s answer was not a threat, the district court quashed the information and dismissed the prosecution.
The case is presently before us on remedial writs issued by reason of the application of the state.
In a brief to this court the state seems to concede the correctness of defense counsel’s interpretation of the Hertzog decision, for it urges that the sole question presented here involves a definition of “threat” as used in LRS 14:285. Further, the state says: “ * * * It is simply the State’s contention that the making of an anonymous telephone call by a male to a female wherein he states his desire to have sexual relations with her amounts to a threat. It is the defendant’s contention, which was sustained by the trial court, that although the foregoing language amounts to vulgar, indecent and lascivious proposals, it does not amount to a threat.” However, the state, as well as the district judge, has misinterpreted our holding in the Hertzog matter and the reasoning on which it was based.
In such case (as a close reading of the opinion will disclose) we had no intention to, and we did not, decide that the making of threats was a necessary element of the crime of using obscene, indecent, etc., language in an anonymous telephone call. The charge against the defendant Hertzog was in the language of the statute, it being that he had made a call in which obscene, etc., language and threats were used. He contended that in amending the prior statute (Act 435 of 1954, amended by Act 121 of 1958), in order to extend its provisions to the making of threats, the Legislature used a conjunctive “and”; that the use of threats in addition to the obscene, lewd, lascivious, etc., language was necessary to constitute the denounced crime; and that, therefore, the statute was unconstitutional inasmuch as such language was broader than that of the title, the latter not having mentioned the making of threats.
Since a construction most favorable to Hertzog was that the language was conjunctive, we merely assumed that it was of that nature. Then we went on to conclude that, even in this event, the statute was not unconstitutional. In other words, we pretermitted the question of whether the language was conjunctive or disjunctive. (Several of the members of the court, including the author of this opinion, were of the view that the language was disjunctive.)
In this case we are presented with the question: Is the language of the statute (“and threats of any kind whatsoever”) conjunctive, by reason of which the state is required to prove the use of threats as an element of the crime? If it is not (but rather disjunctive), the words “and threats” contained in the instant bill of information are to be treated as surplusage.
LRS 14:285 was originally enacted as Act 435 of 1954. That statute provided: “No person shall engage in or institute a local telephone call, conversation or conference of an anonymous nature and therein use obscene, profane, vulgar, lewd, lascivious or indecent language, suggestions or proposals.” No mention, it is noticed, was made therein of threats. By Act 121 of 1958, as aforestated, the statute was amend *464 ed by adding: “of an obscene nature and threats of any kind whatsoever”. (Italics ours.)
This change, we think, was not intended to require that threats of some kind be made in addition to the obscene, etc., language used in order to constitute the crime denounced. Its sole purpose was to forbid as a separate and distinct act the making of threats of any kind in a local anonymous telephone call. Stated another way, the word “and” was used in a disjunctive sense, the aim of the amendment being to enlarge the scope of the prohibitions to include the use of any threats whatsoever, regardless of whether they accompanied language of an obscene, etc., nature.
Tending to evidence such purpose is the fact that, following the attack made on the statute in the Hertzog case and the suggestion therein that the word “and” used in connection with “threats” was conjunctive, the Legislature of 1963 (by Act No. 54) further amended LRS 14:285 so as to make it clear that by the 1958 Act it had intended to use such word “and” disjunctively, rather than conjunctively. Thus, the statute now employs the word “or” rather than “and”. See 50 American Jurisprudence, Section 337, verbo Statutes (Subsequent Legislative Action).
While it is true that ordinarily the words “and” and “or” do not convey the same meaning, we noted with approval in Bradford v. Public Service Commission et al., 189 La. 327, 179 So. 442 the following observation contained in 3 C.J.S. page 1068, verbo And: “Ordinarily the words 'and’ and ‘or’, are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word ‘and’ is sometimes construed to mean ‘or’. This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake.”
Also, in 50 American Jurisprudence, Section 282, verbo Statutes, it is said that: “The popular use of ‘or’ and ‘and’ is so loose, and so frequently inaccurate, that it has infected statutory enactments. For this reason, their strict meaning is more readily departed from than that of other words. In this respect, it is clear that the courts have power to change and will change ‘and’ to ‘or’ and vice versa, whenever such conversion is required by the context, or is necessary to harmonize the provisions of a statute and give effect to all its provisions, or to save it from unconstitutionality, or, in general, to effectuate the obvious intention of the legislature. * * ” Too, see Sutherland’s Statutory Construction, Third Edition, Volume 2, Section 4923.
Since we have determined that the word “and” as contained in LRS 14:285 (Act 121 of 1958) is to be understood in a disjunctive sense, and that the using of threats constitutes a separate and distinct offense and is not a necessary element of the crime of making anonymous telephone calls in which obscene, etc., language is resorted to, it is unnecessary for us to determine whether the language set out in the bill of particulars herein amounts to a threat. This is so because the information attacked is valid as charging that the defendant engaged in a local anonymous telephone call and therein used vulgar, indecent, etc., language. The allegation that the accused made threats is to be treated as surplusage.
For the reasons assigned the judgment of the district court is reversed and set aside, the motion to quash is now overruled, and the case is remanded for further proceedings in accordance with law.