228 So.2d 743 (1969)
PARISH OF JEFFERSON
v.
Walter STANSBURY et al.
No. 3710.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1969.
Louis DeSonier, Jr., Parish Atty., Robert H. Fray, Asst. Parish Atty., for plaintiff-appellee.
John F. Rau, Jr., Harvey, for Anthony Barlotta and Walter Stansbury, defendants-appellants.
Garland R. Rolling, Metairie, for Mrs. Jeanette Friley Wilson, defendant-appellant.
Before REGAN, PAUL E. CHASEZ, and LUTHER E. HALL
REGAN, Judge.
The plaintiff, The Parish of Jefferson, filed this suit against the defendants, Mrs. Jeanette Friley Wilson, Anthony Barlotta, and Walter Stansbury, endeavoring to padlock the premises designated by the municipal number, 1300 Bridge City Avenue, in the Parish of Jefferson, owned by Mrs. Wilson, leased by Barlotta, who in turn subleased to Stansbury. The Parish's suit *744 was predicated upon R.S. 13:4711-13:4717 to abate a public nuisance.[1]
The defendants answered and denied the accusations relative to the existence of a public nuisance contained in the plaintiff's petition.
From a judgment in favor of the plaintiff ordering the defendants' premises padlocked, the defendants have prosecuted this appeal.
No testimony was adduced in the trial court, and it was stipulated that in the event the defendants' exception of non-joinder of necessary parties plaintiff was overruled, judgment would be rendered in favor of the plaintiff, subject to the defendants' right to appeal therefrom.
The defendants' exception of nonjoinder of parties plaintiff is predicated on R.S. 13:4712 which provides as follows:
"Whenever a nuisance is carried on, conducted, continued or permitted or exists, as defined in R.S. 13:4711 through 13:4717, the district attorney in the name and on behalf of the parish and without the payment of any costs, the sheriff or the parish governing authority through its parish attorney or other designated representative, in the name and on behalf of the parish and without the payment of any costs, any corporation or association formed in this state for the suppression of vice, and any citizen of the parish may maintain in a court of competent jurisdiction an action to enjoin and abate the nuisance perpetually. * * *" (Emphasis added.)
The defendants contend that the clear meaning of the statute is that a suit to padlock must be instituted by the district attorney, the sheriff, or parish governing authority, and corporation or association formed in the state for the suppression of vice, and any citizen of the parish. They argue that in the absence of any of these parties as plaintiffs, the others have no right to file a suit to enjoin a nuisance under the above statute. They point to the fact that the word "and" was inserted in the statute by the legislature, and therefore, it must be read in the conjunctive. While the result may be incongrous, they insist that the only solution is an amendment of the statute by the legislature.
Prior to the amendment of R.S. 13:4712 in 1968, the statute provided that the district attorney and any corporation or association formed for the suppression of vice and any citizen of the parish had the right to file a padlock action. The amendment to the statute merely added the sheriff and the parish governing authority as other parties authorized to file such a suit.
Briefly, the defendants explain that the word "and" must be given literal interpretation and cannot be construed to possess the connotation of the word "or" in interpreting the statute.
It is quite true that ordinarily the word "and" is used in the conjunctive sense and the word "or" is used in the disjunctive, so that they are mutually exclusive. However, the judges of this state have reasoned that in interpreting statutes absurd results should be avoided, and when the literal meaning thereof would produce such a result, the letter of the law must recede in favor of its spirit, so that the statute will be construed to create a reasonable result. In making such a judicial determination, the object is to ascertain the intent of the legislature and the reason which induced it to enact the statute.[2]
In the present case, it is obvious that the legislature did not intend that the word "and" should possess its literal meaning. To *745 interpret it literally would require the joinder in a single suit of the district attorney, the sheriff, or parish governing authority, any corporation or association formed in the state for the suppression of vice, and a citizen of the parish. If such a procedure were adhered to, it would be virtually impossible to file an injunction suit to padlock a premise as a nuisance under the provisions of the statute. In other words, an absurd result would ensue.
In order to avoid absurd results, the courts of this state have often interpreted the word "and" as disjunctive in its meaning in a particular statute. An excellent example of the rationalization in connection therewith appears in State ex rel. Denny v. Members of Caddo Parish Democratic Executive Committee,[3] which involved a request to annul a ruling of the executive committee in an election contest. The plaintiff requested the court to construe the words "any qualified elector and any member of the committee calling a primary election" in such a way that it would require a member of the committee filing an objection to a candidate must be joined in the objection by a qualified elector. The court concluded that the construction requested was incorrect, and reasoned as follows:
"* * * The statute does not require that if the person who objects is a qualified elector he must be joined also in his objection by a member of the Committee, nor if the person who objects is a member of the Committee that he must be joined also in his objection by a qualified elector."
"* * * The meaning of the statute is clear. The construction which Denny seeks to place upon the statute, if accepted as correct, would lead to an absurd and impractical situation."
"* * * the wording of the statute grants to both these classes of persons the right to object to the candidacy of any person filing his declaration or notification as such."
The word "and" has been interpreted in the disjunctive sense on many occasions by the judges of this state in order to avoid giving a statute absurd and ridiculous result.[4] The construction insisted upon by the defendants would have the effect of emasculating the padlock statute and rendering it of no use to the public.
In view of what we have said hereinabove, we are convinced that each party mentioned in the statute possesses a separate and distinct right and cause of action thereunder. Therefore, it is unnecessary to join all parties enumerated in the statute in the same suit.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants are to pay all costs incurred herein.
Affirmed.
NOTES
[1] The nuisance was alleged to be prostitution which occurred on the premises. No testimony was adduced in the trial court, and judgment on the merits was rendered by consent of the litigants subject to the right of the defendants to appeal therefrom for the reasons set forth in the body of the opinion.
[2] Gremillion v. Louisiana Public Service Commission, 186 La. 295, 172 So. 163 (1937), and cases cited therein.
[3] 201 La. 483, 9 So.2d 657 (1942).
[4] See Bradford v. Louisiana Public Service Commission, 189 La. 327, 179 So. 442 (1938); Roques v. Continental Casualty Co., 17 La.App. 465, 135 So. 51 (1931); and State v. Hill, 245 La. 119, 157 So. 2d 462 (1963).