| MARK J. SMITH | * | NO. 2019-CA-0502 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| COMMERCIAL FLOORING | * | FOURTH CIRCUIT |
| GULF COAST, L.L.C. D/B/A | | |
| PRIORITY FLOORS | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**CHASE, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS**

I concur with the majority's opinion to the extent that the trial court erred as a matter of law in extending the preliminary injunction for a period not to exceed two years from the date of judgment. Accordingly, I agree that the judgment should be amended to reflect the preliminary injunction is limited in duration to two years from December 15, 2017, Mr. Smith's last employment date with Priority.

I respectfully dissent in regards to the majority's finding that the non-compete agreement applies in the absence of Mr. Smith having an ownership interest in RCC. The majority's reliance on *Smith v. Our Lady of the Lake Hospital*, 624 So.2d 1239 (La.App. 1st Cir. 1993), and *Bradford v. Louisiana Public Service Com'n*, 189 La. 327, 179 So. 442 (1938), for the proposition that "and" can be construed as "or" in a civil context, is contrary to established maxims for the interpretation of contracts and non-compete agreements. In case of doubt, a contract must be interpreted against its drafter. La. C.C. art. 2056. Moreover, because of the restrictions placed on employees, non-compete agreements must be strictly construed. *See Causin, L.L.C. v. Pace Safety Consultants, LLC*, 2018-0706, pp. 11-12 (La.App. 4 Cir. 1/30/19), --- So.3d ---, ---, 2019 WL 385206.

We have consistently held that it is not the province of the courts to relieve a party from the chosen language in a contract they drafted themselves. *See Hymel v. Eagle, Inc.*, 2008-1287, p. 5 (La.App. 4 Cir. 3/18/09), 7 So.3d 1249, 1253. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of a party's intent. La. C.C. art. 2046. The words of a contract must be given their generally prevailing meaning. La. C.C. art. 2047. A plain reading of the conjunctive word "and" does not lead to an absurd result. As Mr. Smith points out, at one time, an employee's ownership interest in his new employer was once a requirement under the law to enforce a non-compete agreement. *See SWAT 24 Shreveport Bossier, Inc. v. Bond*, 2000-1695, pp. 21-22 (La. 6/29/01), 808 So.2d 294, 307-08, *superseded by statute on other grounds*. Under the current law, nothing prohibits an employer from drafting a non-compete agreement less restrictive than that allowed by the statute.

Priority submits parole evidence, and cites to La. R.S. 23:921(D)[1] in support of its intent in drafting the non-compete agreement. I find this argument unpersuasive. As Priority drafted the non-compete agreement, the onus was on it to use clear language, in this case "or" or "and/or," in order to manifest its alleged intent.

Under a *de novo* review of the language of the non-compete agreement, I find that the trial court erred in granting the preliminary injunction and declaring the non-compete agreement applies to prohibit Mr. Smith from being hired by RCC despite his not having an ownership interest in the company. Accordingly, I would reverse the judgment of the trial court.

---

[1] The statute provides "a person who becomes employed by a competing business, regardless of whether or not that person is an owner or equity interest holder of that competing business, may be deemed to be carrying on or engaging in a business similar to that of the party having a contractual right to prevent that person from competing."