237 So.2d 681

**Lucille G. HAYES**

v.

**ORLEANS PARISH SCHOOL BOARD.**

**No. 50107.**

June 29, 1970.

Rehearing Denied July 30, 1970.

Polack, Rosenberg & Rittenberg, Samuel I. Rosenberg, Franklin V. Endom, Jr., New Orleans, for defendant-applicant.

Janet M. Reilly, Herman & Herman, M. Shael Herman, New Orleans, for amicus curiae.

Fred P. Westenberger, New Orleans, for plaintiff-respondent.

SANDERS, Justice.

The question before us in one of first impression: Does the Tenure Law for teachers in Orleans Parish apply to School Board positions in a federally funded program under the United States Elementary and Secondary Education Act?

In 1947, Lucille G. Hayes entered the employ of the Orleans Parish School Board as a classroom teacher. Under LSA–R.S. 17:461, the Tenure Law for teachers in Orleans Parish, she acquired tenure as a teacher in 1950. Later, in 1958, she acquired tenure as a consultant in the school system.

In 1965, federal funds became available under the United States Elementary and Secondary Education Act of 1965 (20 U. S.C.A. § 241a et seq.) for a pilot summer program called "Project Headstart." With the School Board's approval, the Superintendent notified Miss Hayes of her appointment as supervisor of the project for eleven weeks, June 14 through August 27, 1965. At the end of this period, Miss Hayes returned to her former position as consultant.

In February, 1966, Miss Hayes was again appointed as supervisor of a federally funded project, known as "Project Kindergarten, Teacher Aide, Reduction of Class Size and Adjustment Teaching." The appointment was for the duration "of funding by the Federal government." On August 31, 1966, she returned to her position as Consultant at her regular salary.

In November, 1966, she again became supervisor of a Teachers' Aide Project for a 10-month period. At the end of that time, she initiated her own personal request to return to her regular position as consultant.

After she had served as consultant for one week, additional federal funds became available for the federal project. She was reappointed as supervisor of the Teachers' Aide Project effective August 28, 1967. The project commenced on the date of her appointment and terminated August 24, 1968.

By letter dated July 11, 1968, the Superintendent of Schools notified Miss Hayes of her reassignment to her regular position as consultant effective August 26, 1968. On August 12, 1968, the Superintendent recommended to the School Board in writing that she be so reassigned to her regular position as consultant "because of the completion of the federally funded programs." The School Board approved.

Miss Hayes brought the present action for an injunction to prevent her reassignment from the position of supervisor. The district court granted a preliminary injunction in favor of the plaintiff. The Court of Appeal affirmed, 225 So.2d 131. On application of the Orleans Parish School Board, we granted certiorari to review the judgment of the Court of Appeal. 254 La. 849, 227 So.2d 593.

The Teachers' Tenure Law for teachers in Orleans Parish provides:

LSA–R.S. 17:461:

"All teachers shall serve a probationary term of three years reckoned from the date of appointment in the parish of Orleans, during which term the Orleans Parish school board may dismiss or discharge any such probationary teacher upon the recommendation of the superintendent of public schools for the Parish of Orleans, accompanied by the written reasons therefor.

"Any probationary teacher found unsatisfactory by the Orleans Parish school board at the expiration of the said probationary period, shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification, the probationary teacher shall automatically become a regular and permanent teacher in the employ of the Orleans Parish school board; all teachers employed by the Orleans Parish school board as of July 26, 1944 who hold proper certificates, and who have served as such in Orleans Parish for more than three consecutive years, are declared to be regular and permanent teachers in the employ of the Orleans Parish school board."

LSA–R.S. 17:462:

"*A permanent teacher shall not be removed from office* except on written and signed charges of immorality, or of wilful neglect of duty, or of incompetency, * * * and then only if found guilty after a hearing by the Orleans Parish school board, which hearing may be private or public, at the option of the teacher. At least ten days in advance of the

date of the hearing, the Orleans Parish school board shall furnish the teacher with a copy of the written charges. The teacher shall have the right to appear before the board with witnesses in his behalf, and with counsel of his selection, all of whom shall be heard by the said board at the hearing. Nothing herein contained shall be construed as depriving the Orleans Parish school board or any teacher thereof of any right of action it or they may be entitled to under the Constitution and laws of the state of Louisiana." (Italics ours).

The position of supervisor in the federally funded program included annual compensation of $14,484.00 ($1207.00 per month for 12 months), with one months' vacation. The position of consultant is of a nine-month duration at an annual salary of $9,750.00, paid in ten four-week periods of $975.00 per period.

Plaintiff contends that she has acquired tenure as a permanent supervisor under LSA–R.S. 17:462; that she cannot be reassigned to her former position as consultant, because it results in a reduction in compensation, status, rank, and dignity; that it constitutes a removal from office in violation of the Tenure Law.

The Orleans Parish School Board asserts that the Tenure Law is inapplicable to positions with the School Board in fed-

erally funded programs. Alternatively, it contends that Miss Hayes was a probationary supervisor only and the School Board complied with LSA–R.S. 17:461 in dismissing her from that position.

In the statutory context, the question framed is whether a supervisory position in a special program created by the infusion of federal funds under the United States Elementary and Secondary Education Act is an "office" within the intendment of the Teachers' Tenure Law for Orleans Parish.

The Teachers' Tenure Law for Orleans Parish was enacted as part of Act No. 100 of 1922, a comprehensive statute defining the duties of the state and parish school boards as well as providing for the administration of the public schools. The statute refers to the General Fund of the Parish School Board and its sources. The Louisiana Constitution of 1921 had already dedicated certain tax revenues to the public schools and provided for their disbursement through the "general parish school fund." The revenues allocated to pay the cost of operating the school system are recurrent state and local funds.

The tenure provision [1] was obviously included to assure the continued employment of worthy teachers within the regularly maintained school system, a system built upon state and local revenue. Massive in-

1. Section 66 of Act No. 100 of 1922.

fusions of federal funds, resulting in a proliferation of special, short-term programs, were never contemplated. The major premise of the legislation was that public education was a state and local responsibility.

■ We have often stated that courts should construe statutes to give them the meaning intended by the Legislature and avoid absurd results. Dore v. Tugwell, 228 La. 807, 84 So.2d 199; State ex rel. Womack v. Jones, 201 La. 637, 10 So.2d 213.

The jurisprudence is well summarized in Dore v. Tugwell, supra, as follows:

"In this situation, the question arises as to the duty of the court in construing the statute. It has been many times said that it is the function of the courts to interpret the laws so as to give them the ·connotation the lawmaker obviously intended and not to construe them so rigidly as to give them preposterous or odd meanings. State ex rel. Womack v. Jones, 201 La. 637, 10 So.2d 213; Berteau v. Police Jury of Parish of Ascension, 214 La. 1003, 39 So.2d 594 and Webb v. Parish Council of Parish of E. Baton Rouge, 217 La. 926, 47 So.2d 718. The object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result. Bradford v. Louisiana Public Service Commission, 189 La. 327, 179 So. 442; See also City of Shreveport v. Gregory, 186 La. 407, 172 So. 435."

These canons of interpretation apply in the present case. When the tenure provision is read in the light of its history, the intent of the lawmakers becomes clear. The positions they sought to protect were those in the regularly maintained school system. These positions were sustained by recurring revenues, over which they had a measure of control.

It is true the statute at no place defines the term *office*. To apply the term, however, to a position in a special project created and maintained by federal funds produces an absurd result. It freezes the higher salaries of these projects into the state educational system, with no assurance that the system has adequate revenues to pay them.

■ Within the intendment of the LSA–R.S. 17:462, *office* means a regular position in the school system maintained by recurring state or local revenues. We conclude it is inapplicable to a position in the special Teachers' Aide Project, funded under the United States Elementary and Secondary Education Act. It follows that plaintiff acquired no permanent status as a supervisor.

For the reasons assigned, the judgment of the Court of Appeal is reversed, and the preliminary injunction is recalled and vacated at plaintiff's cost.