WATSON, Judge.
The trial court concluded that plaintiff, Dr. Dale Reed, is a tenured employee of defendant, the Evangeline Parish School Board, and rendered judgment prohibiting *873 the board from reducing Reed’s salary. The trial court denied Reed a writ of mandamus for reinstatement as assistant superintendent and administrator of the vocational and technical school. A writ of mandamus was issued directing the board to appoint Reed to an equivalent position “or as near thereto as possible”. (TR. 41) Costs were assessed equally between the parties, and Reed was denied attorney fees.
Reed has appealed, alleging error in that part of the judgment which does not require the board to reinstate him in his former position. The board has also appealed, alleging that the trial court erred in finding Reed had tenure and is entitled to his former salary. The board also alleges that the trial court erred in directing the appointment of Reed to an equivalent position.

PERTINENT FACTS

It was stipulated that Reed was appointed as assistant superintendent and administrator of the vocational and technical school of Evangeline Parish on January 6, 1972, effective July 1, 1972; that Reed holds a valid teacher’s certificate from the State of Louisiana; that his job required this certificate; that he received a salary of $21,-006.83; that the position he had held was abolished on June 3, 1976, by a 7-6 vote of the school board; and that the school board had a $500,000 deficit on June 30, 1975.
Charles Norman Vidrine, chief accountant of the Evangeline Parish School Board, testified that Dr. Dale Reed was paid from the board’s general fund from 1972 through 1976. Vidrine said that approximately $30,-000 a year in federal funds goes into the general fund but the total is expended at the discretion of the board. If an employee is paid entirely with federal funds, the money is separately deposited in á federal fund account. Reed’s salary was not paid from such an account.
J. Hart Perrodin, superintendent of the Evangeline Parish Public School System, testified that the duties Reed had been performing would be required in the future. Some but not all were in federally funded programs. Perrodin said he had never recommended Reed’s dismissal to the board and had no complaints about Reed’s performance in his job.
Plaintiff Reed testified that all of his paychecks were received from the general fund of the Evangeline Parish School System and he was unaware of any specific federal funds being used. He had applied as superintendent of the Evangeline Parish School System in January of 1976, but did not receive the appointment and offered full cooperation to the new superintendent. It was suggested to him on three occasions by three separate board members, that, if he did not receive the position of superintendent, he might also lose his position as assistant superintendent. Reed said his duties as assistant superintendent would have to be assumed by someone else.
James Cecil Colligan, a member of the school board, testified that the seven members of the board who voted in favor of abolishing Reed’s job were the same seven who had voted for L. Sidney Ortego for superintendent[1]; five of the other six had voted for Dr. Reed and the sixth member had voted for a third party. Colligan said there was no policy reason for abolition of Reed’s position. The same reduction in personnel could have been achieved by not filling Ortego’s position as assistant superintendent when he was promoted; not replacing Marshal Frank, curriculum director for the vocational system, when he retired; or not replacing another retiring supervisor, James Lafleur.
Dr. Roderick Perron, a school board member for seven-and-a-half years, admitted that the final question was whether Reed or someone else would be employed since the same reduction in expense could have been made by leaving Ortego’s job vacant when he was promoted.
Bobby W. Deshotel, a member of the board for six years, said the discharge of Reed was for financial and economic reasons but admitted abolishing Reed’s job rather than not filling the vacancy created *874 by Ortego’s elevation was a matter of choice.
It was stipulated that the testimony of five other board members would be substantially the same as that of Drs. Perron and Deshotel. Some testimony by other parties was either cumulative or irrelevant.
The first issue is whether the trial court was manifestly erroneous in finding Reed to be a tenured employee of the board. Reed is a permanent teacher, as defined in LSA-R.S. 17:441 and 442, and has the tenure rights specified in LSA-R.S. 17:443. McGraw v. Iberia Parish School Board, 310 So.2d 139 (La.App. 3 Cir. 1975), writ refused, 313 So.2d 827. It is contended that the tenure law does not apply because Reed served in a federally funded program and the matter is governed by Hayes v. Orleans Parish School Board, 256 La. 677, 237 So.2d 681 (1970). Hayes was an employee in a short term program financed entirely with federal funds. Reed occupied a position in the regular school system of Evangeline Parish and was paid from the general funds of the system. Reed’s appointment was not qualified, whereas Hayes held office for the duration “of funding by the Federal government.” 237 So.2d 682. Also cited by the board is Thompson v. East Baton Rouge Parish School Board, 303 So.2d 855 (La.App. 1 Cir. 1974), but Thompson dealt with a part-time employee in a veteran’s education program and is also distinguishable on its facts from the instant case. Here, there has been no loss of federal funds by the Evangeline Parish School Board; it is receiving exactly the same federal funds it received prior to Reed’s dismissal. There has been no change in the federal aid to the system; Reed was not a part-time employee; his salary was no more dependent on federal funds than that of any other employee of the school board. Hayes and Thompson are inapplicable.
As a tenured teacher, Reed is entitled to the salary he received in his previous position. Dugas v. Ascension Parish School Board, 228 La. 80, 81 So.2d 817 (1955).
The second issue is whether Reed is entitled to be restored to his former position. The trial court correctly found that Reed’s position was not abolished in the interests of economy or for the improvement of the Evangeline Parish schools. (TR. 39). The testimony that the performance of his duties will be required in the future was uncontradicted. Demotion of a tenured teacher can only be made after a superintendent’s written recommendation accompanied by valid reasons. Palone v. Jefferson Parish School Board, 306 So.2d 679 (La., 1975). Superintendent Perrodin made no recommendation for Reed’s removal or demotion.
The third specification of error relative to attorney’s fees has been abandoned by plaintiff.
For the foregoing reasons, the judgment of the trial court herein is affirmed insofar as it found Reed to be a tenured employee and entitled to his former salary. The trial court’s writ of mandamus is amended to order that Dr. Dale S. Reed be restored to a position equal to that of assistant superintendent.[2]
In view of the failure of the school board to comply with statutory requirements in dealing with Dr. Reed, all costs, both at trial and appeal, are assessed to the Evangeline Parish School Board insofar as allowed by law.
AMENDED AND AFFIRMED.

. L. Sidney Ortego had not assumed the office of superintendent at the time of trial.

. Plaintiff Reed does not ask for reinstatement as “assistant superintendent and administrator of the vocational and technical school” but for a position of equal status.