449 So.2d 1184 (1984)
Frank LOPEZ et al., Plaintiffs-Appellants,
v.
CITY OF SHREVEPORT et al., Defendants-Appellees.
No. 16180-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
Writ Denied June 8, 1984.
Ronald J. Miciotto, Shreveport, for plaintiffs-appellants.
Charles B. Peatross, City Atty. by L. Edwin Greer, Shreveport, for defendants-appellees.
Before PRICE and JASPER E. JONES, JJ., and McCLENDON, J. Pro Tem.
McCLENDON, Judge Pro Tem.
Plaintiffs filed suit seeking a declaratory judgment adopting their interpretation of La.R.S. 33:2473, which defines "seniority" for members of the fire and police departments. These 72 employees contend that military service should be included in calculating seniority regardless of whether it came before or after employment by one of these departments.
Made defendants were the City of Shreveport and the Municipal Fire and Police Civil Service Board.
The Professional Firefighters Association of Louisiana, AFL-CIO, intervened in this action, joining with the defendants in resisting plaintiffs' claim.
From an adverse ruling by the trial court plaintiffs appealed.
The statute in question, which is the definition section of the Fire and Police Civil Service Law for municipalities between 13,000 and 250,000, found in Title 33 beginning at Section 2471, reads in part as follows:
R.S. 33:2473.
The following words and phrases when used in this Part shall have the following meaning, unless the context clearly requires otherwise:
. . . .
20. "Seniority" means the total employment computed for an employee beginning with the last date on which he was regularly and permanently appointed and has worked continuously to and including the date of computation. Time during which an employee has served in the armed forces of the United States subsequent to May 1, 1940, not to exceed four years, shall be construed to mean continuous service and shall be included in the computation of his seniority. Total seniority in the departmental service, including positions of any and all classes, or seniority in any one or more given *1185 classes, may be computed for an employee, but in either case employment shall be continuous and unbroken by a resignation or discharge of the respective employee. An employee who is finally discharged or resigns from his position shall forfeit all accumulated seniority. An employee who is suspended and returns to his position immediately following the expiration of his suspension shall not forfeit his seniority accumulated to the date of his suspension, but he shall not be given credit for the lost time at any future computation.
The sole question for determination is whether service in the armed forces of the United States after May 1, 1940, and before an employee became employed either as a fireman or a policeman would be included in calculating the seniority of that individual under this statute.
By pre-trial stipulation it was agreed that all petitioners in this suit are employees of the City of Shreveport; that all had served in the armed forces of the United States before their employment with the city; and that all petitioners have not received credit for military service.
It was further stipulated that the Shreveport Municipal Fire and Police Civil Service Board, on August 27, 1982, decided that military time served prior to being employed by the city would not be considered continuous service and would not be applied toward seniority.
The parties also stipulated that a letter dated March 16, 1983, from Maxie E. Cox (Exhibit C) explains how the state applies the statute in question.
The trial court found that since its enactment in 1944 this statute had been consistently construed to apply only to an employee who served in the armed forces after initial employment, and does not apply to an employee who served in the armed forces before initial employment. It further found that the meaning of the statute in question was clear in that only military service which came after an employee was "regularly and permanently appointed" could be included in computing the seniority of that employee.
We find no error in the trial court's ruling and affirm it for the reasons stated hereafter.
When confronted with interpretation of laws, this court feels it must turn first to the basic mandates of the Louisiana Civil Code.
LSA-C.C. Article 13 reads:
When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.
Article 14 reads:
The words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words.
Also to a similar effect are the earliest provisions of the Louisiana Revised Statutes:
LSA-R.S. 1:3
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language ....
With these basic principles in mind, we find that the word "seniority" in R.S. 33:2473 is clearly and simply defined as the period from and after an employee's permanent appointment during which he continues to be employed and down to the date of computation. Included in this period is any intervening military service, provided that the service took place after May 1, 1940, and limited under a 1982 amendment to a total of four years.
The key word throughout the statute, in our opinion, is "continuous". In order to be used in calculating seniority the employment shall be "continuous and unbroken by a resignation or discharge." If a period of military service should intervene it would be "construed to mean continuous service" and included in the computation.
Our conclusion that the statute is clear and unambiguous pretermits detailed discussion of the contemporaneous construction *1186 method of legislative interpretation. Esso Standard Oil Co. v. Crescent River Port Pilots Assn., 235 La. 937, 106 So.2d 316 (1958) and Thompson v. East Baton Rouge Parish School Board, 303 So.2d 855 (La.App. 1st Cir.1974) do, however, support this doctrine of interpretation. Therefore, we note in passing that the contemporaneous construction placed on this statute by the appropriate administrative department is in accord with our decision.
The letter of Maxie E. Cox, State Examiner, Municipal Fire and Police Civil Service, was filed in the record in connection with the pre-trial stipulations discussed earlier. This letter indicates that R.S. 33:2473 has been consistently interpreted to include, in computing seniority, only military service which interrupted fire or police employment, not military service which came before fire or police employment.
Further, it is well established that courts should construe statutes to give them the meaning intended by the legislature and avoid absurd results. Hayes v. Orleans Parish School Board, 256 La. 677, 237 So.2d 681 (1970).
For example, under plaintiffs' interpretation, before 1982 a career service person who had served as a Navy cook for 20 years could retire from the military, obtain employment as a policeman in Shreveport, and with minimal actual service on the force, become a ranking officer merely because of his 20 years additional "seniority".
After the effective date of the 1982 amendment, the absurdity of this situation would not be eliminated, only reduced. That amendment limited to four years the military service which could be included in computing seniority. This court does not believe this end result is what plaintiffs actually seek.
For these reasons the trial court ruling is affirmed at appellants' cost.