KNOLL, Judge.
A. Martin Pommier and the City of Opel-ousas appeal the trial court’s affirmance of the ruling of the Opelousas Municipal Fire and Police Civil Service Board which recognized Maynard Sanchez’s promotion by seniority to the position of captain of the Opelousas Fire Department. The district court, sitting as an appellate court pursuant to LSA-R.S. 33:2501, found no abuse of discretion in the Civil Service Board’s determination that Maynard Sanchez could include his military time served prior to his employment as a fireman in calculating seniority under LSA-R.S. 33:2473(20). The sole issue presented by this appeal is whether seniority, as defined in R.S. 33:2473(20), includes the computation of military service rendered after May 1, 1940, but prior to employment as a fireman. We reverse.
FACTS
This case began when the Board of Aldermen for the City of Opelousas promoted Pommier on January 10, 1984, to the position of captain of the Opelousas Fire Department. Sanchez, alleging that he was adversely affected by Pommier’s promotion, was then granted a hearing on January 17,1984, before the Opelousas Municipal Fire and Police Civil Service Board. Sanchez’s appeal to the Civil Service Board urged that when he added his four years military service, served prior to his employment as an employee of the Opelousas Fire Department, he had more seniority than Pommier, who had no prior military time to add; therefore he argued that on the basis of seniority he, rather than Sanchez, should have been promoted to captain. The Civil Service Board agreed with Sanchez, allowed him to add his four years military service, served prior to his employment as a fireman, to his five years of employment as a fireman, and overturned the City of Opelousas’s promotion of Pommier, who had seven years employment as a fireman. The Civil Service Board then directed its secretary to write the City of Opelousas ordering it to nullify Pommier’s promotion to the class of Fire Captain, and advising it that Sanchez has the necessary seniority when promotion to Fire Captain is again considered by the city’s board of aldermen.
SENIORITY
Pommier contends that the Civil Service Board erred in its interpretation of R.S. 33:2473(20) so as to include for purposes of seniority military time served after May 1, 1940, but prior to employment with the Opelousas Fire Department. We agree with Pommier’s contention.
We find Lopez v. City of Shreveport, 449 So.2d 1184 (La.App. 2nd Cir.1984), writ denied, 452 So.2d 175 (La.1984), dispositive of this issue. We conclude, as did the Second Circuit, that:

“[T]he word ‘seniority’ in R.S. 33:2^73 is clearly and simply defined as the period from and after an employee’s permanent appointment during which he continues to be employed and down to the date of computation. Included in this period is any intervening military service, provided that the service took place after May 1, 19⅛0, and limited under a 1982 amendment to a total of four years.

The key word throughout the statute, in our opinion, is ‘continuous’. In order to be used in calculating seniority the employment shall be ‘continuous and unbroken by a resignation or discharge. ’ If a period of military service should intervene it would be ‘construed to mean continuous service’and included in the computation. ”

*255 Sanchez urges us, as did the trial court, to examine the legislative intent in its enactment and amendment of the statute. Because we consider R.S. 33:2473 unambiguous and subject to only one reasonable interpretation, we do not delve into the legislative intent of the redactors. Only when a statute is ambiguous and subject to two reasonable interpretations can we consider legislative intent. Firemen's Pension and Relief Fund v. Boyer, 420 So.2d 1323 (La.App. 3rd Cir.1982).
For the foregoing reasons, the judgment of the trial court is reversed and set aside. It is further ORDERED, ADJUDGED AND DECREED that the decision of the Opelousas Municipal Fire and Police Civil Service Board dated February 28, 1984, is vacated; and the resolution of the Board of Aldermen for the City of Opelousas dated January 10, 1984, is reinstated recognizing A. Martin Pommier’s elegibility by seniority for the position of Fire Captain with the Opelousas Fire Department. Costs of the district court and of this appeal are assessed against the Opelousas Municipal Fire and Police Civil Service Board and Maynard Sanchez.
REVERSED AND RENDERED.