ON REHEARING
PER CURIAM.
The majority decided this case by finding as a fact that plaintiff failed to prove he was a certified teacher during the 1980-81 school year, even though this issue was not raised in an assignment of error by BESE. The concurring opinion pointed out that the record contained sufficient direct and circumstantial evidence from which it could be concluded that plaintiff did have the requisite certificate for the 1980-81 school year. Additionally, plaintiff has appended to his brief in support of his application for a rehearing a copy of State Department of Education VTIE Certificate No. T-1165, dated August 5, 1980, and valid for the period of August 4, 1980, to August 4, 1981, which was issued to show that Philip John Bums, III, was eligible to teach carpentry in the approved schools of Louisiana. This document is not part of the record on appeal and legally cannot be considered by this court as evidence at this time. Capital Drilling Company v. Graves, 496 So.2d 487 (La.App. 1st Cir. 1986). Normally under such circumstances, in the interest of justice, we would remand for the trial court to take additional evidence on this issue. LSA-C.C.P. art. 2164. See, e.g., Smith v. Parish of East Baton Rouge, 510 So.2d 1 (La.1987) and 509 So.2d 24 (La.App. 1st Cir.1987.) However, we need not do so in this case because we agree that the holdings in Hayes v. Orleans Parish School Board, 237 So.2d 681 (La.1970), and Thompson v. East Baton Rouge Parish School Board, 303 So.2d 855 (La.App. 1st Cir.1974), apply to the facts of this case, assuming that plaintiff was certified. The following language from Thompson v. East Baton Rouge Parish School Board, 303 So.2d at 860, is pertinent:
In Hayes, the Supreme Court held that the Teachers’ Tenure Law applies only to “offices” regularly maintained and supported by state revenue and not to programs funded by “massive infusions of federal funds.” The teacher therein had already acquired permanent status. She had been transferred to the Teachers’ Aid Program as supervisor. When the federal program terminated at the end of one year she was returned to her former position which was a lower-paying position. Plaintiff contended that she had acquired tenure in the Teachers’ Aid Pro *401 gram and could only be reassigned to a position of equal pay and status, otherwise the reassignment would amount to dismissal without cause. It should be noted that the court had before it for consideration the Orleans Parish Teacher Tenure Law, LSA R.S. 17:461-463, however, its provisions are virtually identical to those of the Teacher Tenure Law in question here.
The Court held that within the intendment of LSA R.S. 17:462 (same language as in R.S. 17:443), the “office” means a regular position in the school system maintained by recurring state or local revenues and that plaintiff had not been employed in such a position and, therefore, could not avail herself of the Tenure Law. In so holding the Court said:
“The tenure provision was obviously included to assure the continued employment of worthy teachers within the regularly maintained school system, a system built upon state and local revenue. Massive infusions of federal funds, resulting in a proliferation of special, short-term programs, were never contemplated. The major premise of the legislation was that public education was a state and local responsibility.”_
“When the tenure provision is read in the light of its history, the intent of the lawmakers becomes clear. The positions they sought to protect were those in the regularly maintained school system. These positions were sustained by recurring revenues, over which they had a measure of control.
“It is true the statute at no place defines the term office. To apply the term however, to a position in a special project created and maintained by federal funds produces an absurd result. It freezes the higher salaries of these projects into the state educational system, with no assurance that the system has adequate revenues to pay them.
“Within the intendment of the LSA R.S. 17:462, office means a regular position in the school system maintained by recurring state or local revenues. We conclude it is inapplicable to a position in the special Teachers’ Aide Project, funded under the United States Elementary and Secondary Education Act. It follows that plaintiff acquired no permanent status as a supervisor.”
The Supreme Court in Hayes reasoned that if an employee were allowed to acquire tenure by appointment to a federally funded program, a heavy economic burden would settle upon the local school boards. The Court considered such a result inconsistent with the tenure law, for the only positions the Legislature sought to protect were “those in the regularly maintained school system ... sustained by recurring revenues, over which they had a measure of control.”
Our original opinion, which reversed and rendered, was correct.