597 So.2d 96 (1992)
Barbara L. GUILLORY and Sandra McCollum
v.
ORLEANS PARISH SCHOOL BOARD.
No. 91-CA-1578.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 1992.
*97 William D. Aaron, Jr., Polack, Rosenberg, Rittenberg, & Endom, New Orleans, for defendant/appellee.
Michael G. Bagneris, Waltzer & Bagneris, New Orleans, for plaintiffs/appellants.
Before KLEES and LOBRANO, JJ., and JAMES C. GULOTTA, J. Pro Tem.
LOBRANO, Judge.
Plaintiffs, Barbara Guillory and Sandra McCollum, appeal the dismissal of their suit against the Orleans Parish School Board (OPSB) on a motion for summary judgment.
Guillory and McCollum were employed by the OPSB to serve in the Chapter 1 Program, a federally funded special education program. Salaries for employees in the Chapter 1 Program were funded solely by annual federal grants. On June 30, 1987, the OPSB terminated Guillory and McCollum's positions in order to accommodate a reduction in federal funding for the 1987-1988 Chapter 1 Program. Guillory and McCollum were immediately placed in "tenure track" teaching positions with the OPSB, but at reduced salary levels. On November 20, 1987, Guillory and McCollum filed suit, seeking back pay and reinstatement to their former positions.
Cross motions for summary judgment were filed. The trial court granted defendant's motion and dismissed the suit. Plaintiffs brought this appeal asserting that there exists a material issue of fact so as to warrant a trial on the merits. We disagree.
The undisputed facts are that Guillory commenced employment with the OPSB in 1975 as an assistant director of the Chapter 1 Program, and remained in that position until her June 30, 1987 termination. McCollum commenced employment with the OPSB in August 1983 as a probationary school teacher whose salary was satisfied from state and/or local funds. However, after six months in that position, McCollum was transferred to the position of Coordinator of Instruction with the Chapter 1 Program, where she remained until her June 30, 1987 termination. The termination of both plaintiffs was due to a reduction in federal funding. Both plaintiffs are now in "tenure track" positions at *98 salaries less than what they were earning in the Federal program.
Based on these undisputed facts, we conclude that plaintiffs cannot rely on the tenure provisions of La.R.S. 17:461 and 462.[1] Although each was employed for more than three years, La.R.S. 17:446(A) contains the following limitation on the acquisition of permanent status:
"Whenever a teacher or other certified person who has not completed the probationary period required to acquire permanent status is employed within a school system and paid with federal funds, the time spent in such employment paid with federal funds shall not count toward acquisition of permanent status."
This limitation was added in 1986 and incorporates into statutory law the Supreme Court decision of Hayes v. Orleans Parish School Board, 256 La. 677, 237 So.2d 681 (La.1970). Thus, as a matter of law, plaintiffs have not attained permanent status and cannot avail themselves of the tenure protection of R.S. 17:462.
Plaintiffs argue, however that La.R.S. 17:431 has no such limitation, and the trial court erred in not applying its provisions. That statute provides:
On and after July 29, 1970, no parish or city school system in parishes or cities having a population of over five hundred thousand[2] shall pay to any supervisor, principal, consultant, secretary or any other administrative employee charged with the administrative responsibility of a school or other area of academic concentration or evaluation in such parish or city an annual salary which amounts to less than the amount that was paid by such school system to that employee in the immediately preceding year.
The trial court found that "to allow the plaintiffs to circumvent what the Supreme Court in Hayes described as the clear intent of the lawmakers (to protect only positions in the regularly maintained school systems) by invoking R.S. 17:431 (a salary protection statute) would lead to an absurd result. Employees of the School Board in federally funded programs would have no permanent status in their positions but would have permanent status in their salaries." We agree with that reasoning.
First, nothing in La.R.S. 17:431 prevents a school board from discharging a nontenured employee from an administrative position. Upon terminating plaintiffs' positions in the Chapter 1 Program, the OPSB was under no obligation to retain plaintiffs in alternate positions. By electing to transfer the plaintiffs to tenure tract teaching positions, rather than totally terminating their employment, the OPSB did not inadvertently subject itself to the provisions of La.R.S. 17:431. To hold otherwise would prevent local school boards from dealing flexibly with changes in federal funding over which they have no control.
Second, La.R.S. 17:431 must be interpreted in pari materi with the tenure laws and the rationale of Hayes. In Hayes the court's underlying reasoning is that the legislature intended to protect those positions in the regularly maintained school system since they "were sustained by recurring revenues, over which they [the school system] had a measure of control." Hayes, supra 237 So.2d at 684. The absurd result postured by the trial court is well taken. Applying La.R.S. 17:431 to employees in federally funded programs would mean that their status would not be "tenure protected", but their salaries would. We are satisfied that the legislature did not intend to perpetually guarantee or underwrite the cost of a federal program. See, Hayes v. Orleans Parish School Board, supra.
Although plaintiffs do not argue that they are not "teachers" and therefore the teacher tenure laws are inapplicable, we find it makes no difference whether *99 they are "employees" under R.S. 17:521 or teachers. To obtain permanent status as a non-teacher employee plaintiffs must satisfy the provisions of La.R.S. 17:522. Subsection C(1) of that statute provides:
"Whenever an employee who has not completed the probationary period required permanent status is employed ... in a position in which the employee is paid with funds other than operational funds generated from regular state or local sources, the time of service in such employment shall not be considered service time for purposes of completion of the probationary term required to acquire permanent status."
Thus, even if plaintiffs are considered non-teacher employees, because their positions were totally supported by federal funds they could not and did not acquire permanent status.
This case does not present a question of fact, only one of law. It is appropriate for summary judgment and the trial court's decision is correct.
AFFIRMED.
NOTES
[1] R.S. 17:461 provides that all teachers shall serve a probationary period of three years before acquiring permanent status.

R.S. 17:462 provides that once permanent status is acquired, a teacher cannot be dismissed without cause.
[2] La.R.S. 17:431, as amended by Acts 1991, No. 428, effective July 12, 1991, now applies to school systems in parishes or cities having a population of over four hundred and seventy-five thousand.