LOBRANO, J.,
dissents with reasons.
IT respectfully dissent from the majority opinion.
The State of Louisiana (“State”) charged John C. Broyard (“Defendant”), with bail jumping, a violation of La. R.S. 14:110.1, which criminalizes the “intentional failure to appear at the date, time, and place as ordered by the court before which the defendant’s case is pending.” Defendant filed a motion to quash the bill of information alleging that the bill of information failed to charge a crime punishable under a legal statute. After a hearing held on July 17, 2014, the district court granted Defendant’s motion to quash and the State timely appeals this ruling. For the reasons that follow, I would reverse the district court’s judgment and remand for further proceedings.
FACTS AND PROCEDURAL BACKGROUND
On January 26, 2014, Defendant was arrested on two counts of Illegal Possession of Stolen Things (two stolen automobiles), in violation of La. R.S. 14:69(A).
On January 27, 2014, Defendant made his first appearance in the Magistrate Section of the Orleans Criminal District Court and was ordered by the court to appear on February 24, 2014 at 3:00 p.m. in the Magistrate Section of the Orleans Criminal District Court for a progress report. The court also ordered Defendant | released on bail, fixed his amount of bail at $20,000.00 ($10,000.00 for each count) and appointed the Orleans Parish Public Defender’s Office to represent Defendant. At this time, the State had not instituted a criminal prosecution against Defendant by the find-, ing of an indictment or filing of an information.[1]
*805 On February 4, 2014, Defendant posted bail with a commercial surety bond. In signing the surety bond, Defendant obligated himself, inter alia, to “submit to the orders of the court, and accept notice as provided by law ... [and] shall appear on the date, time, and location listed below, and at all other times thereafter designat- . ed.” The surety bond specifically listed the next required court appearance as taking place on February 24, 2014.
Defendant failed to appear in the Magistrate Section of the Orleans Criminal District Court on February 24, 2014 and an alias capias was then issued.
On April 5, 2014, Defendant was arrested for bail jumping in a felony case pursuant to La. R.S. 14:110.1. On April 7, 2014, the Magistrate Section of the Orleans Criminal District Court released the Defendant on the capias.
On April 15, 2014, the State filed a bill of information against Defendant, charging him with bail jumping in a felony case by failing to appear in the Magistrate Section of the Orleans Criminal District Court on February 24, 2014. Defendant was arraigned on May 29, 2014 and entered a plea of not guilty. On June 13, 2014, Defendant, with counsel, appeared for a hearing on motions and filed a motion to quash the bill of information alleging that the bill of information failed to charge a crime punishable under a legal statute. Trial was set for July 23, 2014.
|sOn July 17, 2014, the district court held a hearing on Defendant’s motion to quash the bill of information and granted Defendant’s motion to quash. Citing La. R.S. 14:110.1, the district court found that the issue in this case was whether Defendant had a pending case at the time he failed to appear in court. The district court reasoned that “a case is not pending until it is properly instituted via a bill of information, a bill of indictment, or an affidavit. Here, prior to April 15th of this year, there was no bill of information or indictment returned against the defendant. The defendant simply had been arrested for the charges. Since there was not [sic] prosecution instituted prior to April 15th, he had no pending case, as required by the statute.” The district court found that the bail jumping statute did not apply to Defendant because, although he had intentionally failed to appear in court as ordered, he had not been formally charged through a bill of information, indictment or affidavit; therefore, the court reasoned, Defendant did not have a case pending before the court at the time he failed to'appear.
In this appeal, the State argues that the district court erroneously found that the phrase “case is pending” in the bail jumping statute refers only to cases in which the State instituted a criminal prosecution via a bill of information, a bill- of indictment or an affidavit. The State asserts that the phrase “case is pending” as employed in the bail jumping statute has a clear and unambiguous meaning, one which encompasses more than judicial proceedings that occur after the State formally institutes a criminal prosecution. The State relies on the definition of “case” from Black’s Law Dictionary: “[a] civil or criminal proceeding, action, suit, or controversy at law or in equity.”[2] The State contrasts this defini *806 tion with the definition of a “criminal prosecution” provided by La.C.Cr.P. art. 381: “A criminal prosecution is brought in the name of the state in a court of criminal | ¿jurisdiction, for the purpose of bringing to punishment one who has violated a criminal law.” Arguing that criminal proceedings include matters that occur prior • to the institution of prosecution and are thus broader than criminal prosecution, the State cites the Official Revision Comment (b) to Article 381:
The term “criminal prosecution” is more limited than “criminal proceeding” employed in the source provision. The words “criminal procéedings” have been construed to cover the preliminary examination and a grand jury proceeding. Commonwealth v. Dean, 172 Pa.Super, 415, 94 A.2d 59 (1953); State v. Ardoin, 197 La. 877, 2 So.2d 633 (1944)[ (1941) ]. The “criminal prosecution”,begins with the formal charge by indictment, information, or affidavit, and does not include such preliminary proceedings as the arrest, preliminary examination, or grand jury investigation. In State v. Shushan, 206 La. 415, 435, 19 So.2d 185, 192 (1944), the court stated that a criminal prosecution “consists of the series of proceedings from the time when the formal accusation is made by the filing of an affidavit, bill of information or indictment in the criminal court until the proceedings are terminated."
Finally, the State suggests that the district court’s reasoning in this case would lead to the “absurd consequence” in that an individual .arrested .for committing -a crime yet not formally charged could abscond' while on bail and yet avoid the consequence of being charged with bail jumping.
Defendant argues that the district court properly found, as a matter of statutory construction, that a ease is pending only after prosecution is instituted, and under La.C.Cr, P. art. 382, a felony case must be instituted by indictment or information. Because Defendant had no formal charges pending against him at the time that he failed to make a requisite court appearance, Defendant asserts that the district court rightly found that he could not have committed the crime of bail jumping.
Defendant further contends that in State v. Ardoin, the Louisiana Supreme Court equated a “criminal case pending in court” to a “prosecution instituted and carried on in the name of the State before a court of criminal jurisdiction for the [(¡purpose of bringing to punishment one who has violated a criminal law”. State v. Ardoin, 197 La. 877, 886, 2 So.2d 633, 635-36 (La.1041) (emphasis added). Defendant asserts that when Ardoin is read in conjunction with La.C.Cr. P. art. 382, the correctness of the district court’s ruling granting the motion to quash is apparent.
On appeal from the district court’s ruling on a motion to quash, the district court’s legal findings are subject to a de novo standard of review. State v. Hamdan, 2012-1986, pp. 6-7 (La.3/19/13), 112 So.3d 812, 816; State v. Franklin, 2013-0488, p. 6 (La.App. 4 Cir. 10/9/13), 126 So.3d 663, 668; State v. Schmolke, 12-406, p. 4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298. Statutory interpretation is a question of law. Hand v. City of New Orleans, 2004-0845 (La.App. 4. Cir. 12/22/04), 892 So.2d 609, writ denied, 2005-0143 (La.4/1/05), 897 So.2d 603.
The starting point in the interpretation of any statute is the language of the statute itself. State v. Brooks, 2009-2323, pp. 3-4 (La.10/19/10), 48 So.3d 219, 233-34, *807 citing State v. Johnson, 2003-2993, p. 11 (La.10/19/04), 884 So.2d 568, 575.
La. R.S. 1:3 provides, in pertinent part: Words and phrases shall be read with their context and shall be construed according to the common and approvéd usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning ...
Moreover, “[w]hen the wording of a Section is clear and free of ambiguity,1 the letter of it shall not be disregarded under the pretext of pursuing its spirit.” La. R.S. 1:4. Similarly, “[t]he articles of this Code cannot be extended by analogy so as to - create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, | fiin connection with the context, and with reference to the purpose of the provision.” La. R.S. 14:3.
“The purpose of statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law.” Brooks, 2009-2323 at p. 4, 48 So.3d at 234, citing Theriot v. Midland Risk Insurance Co., 95-2895, p. 3 (La.5/20/97), 694 So.2d 184, 186. “Legislative intent is the fundamental question in all cases of statutory interpretation; rules of statutory construction are designed to ascertain and enforce the intent of the statute.”- Id., citing Theriot, 95-2895 at 3, 694 So.2d at 186. The best evidence of legislative intent or will is the wording of a statute. Id., citing Johnson, 2003-2993 at 12, 884 So.2d at 575.
As stated by the Court in Brooks, criminal statutes are subject to strict construction under the rule of lenity. Id., citing State v. Carouthers, 618 So.2d 880, 882 (La.1993). -“The principle of lenity is premised on the idea that a person should not be criminally punished unless the law provides a fair warning of what conduct will be considered criminal.” Id., citing State v. Piazza, 596 So.2d 817, 820 (La.1992). The rule is based on principles of due process that no person should be forced to guess as to whether his conduct is prohibited. Id.; Piazza, 596 So.2d at 820.
In iiiterpreting the statute, the district court found’ that a defendant’s case "is pending before the court' only after'institution of prosecution. Giving the phase “defendant’s .case is pending”, the “fair import of [its] words, taken in their usual sense in connection with the content, and with reference to the purpose of the provision,” in accordance with La. R.S. 14:3, I find the district court incorrectly interpreted the statute and impermissibly incorporated the definition of and methods of prosecution set forth in La.C.Cf, P. art. 381 and 382 into the bail | jumping statute, without any evidence that such an action was intended by the legislature.
Beginning my analysis, as Brooks requires, with the language of the statute itself, I find an initial error in that the district court ignored the word “defendant” in the statute.. “Every word, sentence, or provision in a law is presumed to be intended .to serve some useful purpose ...” Boudreaux v. Louisiana Dept. of Public Safety, 2012-0239, p. 5 (La.10/16/12), 101 So.3d 22, 26.
“Defendant” is defined in the Code of Criminal Procedure, La. C.Cr. P. art. 934(4), as “a person who has been charged with or accused of an offense.” Id. (emphasis added). Also, Black’s Law Dictionary defines “defendant” as a “person ... *808 accused in a criminal proceeding.”[3] Thus, the common usage of “defendant” clearly contemplates that a “defendant” may be either formally charged with a crime or merely accused of committing a criminal offense.
Second, I find that the district court erred in equating a “case” or “criminal proceeding” with a criminal prosecution, as only the latter commences when the State institutes criminal prosecution against a defendant pursuant to the methods set forth in La.C.Cr.P. art. 382.
Although the Louisiana Code of Criminal Procedure does not define the word “case,” Black’s Law Dictionary defines “case” as “[a] civil or criminal proceeding, action, suit, or controversy at law or in equity.”[4] A “proceeding” is defined in Black’s Dictionary several ways, including, in pertinent part: “3. An act or step that is part of a larger action. 4. The business conducted by a court or other official body; a hearing.”[5] Additionally, Black’s Law Dictionary specifically | ^defines a “criminal proceeding” to include: “a criminal hearing or trial.”[6] Thus I agree with the State that the plain meaning of the word “case” refers to more than those judicial proceedings that occur only after a defendant is formally charged, and includes bail proceedings which occur prior to formal institution of prosecution. See Official Revision Comment (b) to Article 381 (distinguishing between the broader-in-scope term of “criminal proceedings” and the more limited term of a “criminal prosecution.”)
Defendant further argues that his case was not pending before the court. He supports his argument by citing the Louisiana Supreme Court case of State v. Ardoin, 197 La. 877, 2 So.2d 633 (1941), arguing that Ardoin provided the definition of the phrase “a criminal case pending in court,” and this Court should look no further. However, Defendant’s reliance on Ardoin is unwarranted and his interpretation of the word “pending” incorrect.
“Pending” (adj.) is an unambiguous term and easily defined in Black’s Dictionary as “Remaining undecided; awaiting decision <a pending case>.”[7] Based on such a definition and in light of my interpretation of “case”, I find that Defendant’s case was “undecided” and thus pending before the court on January 27, 2014 when the court ordered Defendant to appear on February 24, 2014. To hold otherwise would be nonsensical.
Moreover, the Ardoin case does not support Defendant’s arguments to the contrary. In Ardoin, the State appealed from the district court’s judgments quashing the indictments in eight cases. Id. at 634. At issue in Ardoin was whether the Attorney General of Louisiana had the authority to relieve and supersede the District Attorney as legal advisor of the grand jury. Id. Counsel for defendants specifically challenged Article 17 of the Code of Criminal Procedure, as amended, |9which provided that “the Attorney General shall have power to relieve, supplant and supersede the District Attorney in any criminal proceeding, when he may deem it necessary for the protection of the rights and interests of the State ...” Id. at 635 (emphasis added). The defendants argued that Article I of the Code of Criminal Procedure *809 defined a criminal proceeding as “a prosecution instituted and carried on in the name of the State before a court of criminal jurisdiction for the purpose of bringing to punishment one who has violated a criminal law.” Id. (emphasis added). The defendants thus argued that the term “criminal proceeding” set forth in Article 17 was one and the same as a “criminal prosecution,” as set forth in Article I. Based on this analysis, the defendants asserted that the Attorney General’s authority was restricted to the right to relieve or supplant the District Attorney in only those cases where a criminal prosecution had already commenced, i.e., post-indictment. Id. The district court accepted the defendants’ argument, thus prohibiting the Attorney General from acting as legal ad-visor to the grand jury in its investigations. Id.
The Louisiana Supreme Court reversed. The Court found that “criminal proceeding” was a broad term which included “any and all suits or other proceedings, civil or criminal ...” Id. at 636 (emphasis added). The Court went on to find that the Attorney General did have authority to intervene or relieve the District Attorney in cases prior to institution of the prosecution and, specifically to act as legal advisor to the grand jury. Id. Based on this reasoning in Ardoin, if a “case” is a criminal proceeding, then a “case pending” would not be limited to a prosecution or post-indictment matter, undermining Defendant’s argument.
Defendant, however, focuses on the juxtaposition of language employed in the Ar-doin decision. Referring to the defendants’ argument that Article 1 of the Code of Criminal Procedure provided (at that time) that “[a] criminal proceeding is |ina prosecution instituted and carried on in the name of the State before a court of criminal jurisdiction for the purpose of bringing to punishment one who has violated a criminal law,” the Ardoin Court stated:
That is merely the definition of a criminal case pending in court; but it is not the only meaning of the term “ ‘criminal proceeding’; and it certainly is not the only kind of criminal proceeding in which the Attorney General has the right to intervene, or to relieve and supplant or supersede the District Attorney
[[Image here]]
Id. at 635-36 (emphasis added).
The Code of Criminal Procedure no longer defines the term “criminal proceeding,” as Article 1 did at the time of the Ardoin decision. La.C.Cr. P. art. 381 merely defines a criminal prosecution, to wit: “A criminal prosecution is brought in the name of the state in a court of criminal jurisdiction, for the purpose of bringing to punishment one who has violated a criminal law.” Moreover, the Ardoin Court was not specifically tasked with defining the term “case pending” or attempting to comprehensively define “criminal proceedings” but rather was attempting to assess the scope of the authority of the Attorney General to step in for the District Attorney under Article 17. Thus, I do not find that Ardoin sheds much light on the meaning of “case pending” in La. R.S. 14:110.1 and, even if Ardoin applied, the reasoning of the case, i.e., that a criminal proceeding is broader than a criminal prosecution, more strongly undermines than supports Defendant’s argument.
In sum, under a strict construction of the bail jumping statute, I find that the plain meaning of the language makes the statute applicable to Defendant’s case.
Another consideration when interpreting a challenged statute is that the language of the statute must be considered “in connection with the content, and with reference to the purpose of the provision.” La. R.S. *810 14:3. The challenged statute must be interpreted to fulfill the purpose intended by the legislature. “Bail” is defined in La. C.Cr.P. art. 311 as “the security given by a person to assure his h appearance before the proper court whenever required.”[8] As this Court clearly pronounced, in State v. Allen, 2011-0693 (La.App. 4 Cir. 8/8/12), 98 So.3d 926, 929, writ denied, 2012-1995 (La.4/1/13), 110 So.3d 138, “It is axiomatic that the purpose of bail is to ensure that the accused will appear at all stages of the proceedings to answer the charge for which he will be prosecuted.” Id. (emphasis added). Likewise, La. Const, art. 1, Section 18 clearly contemplates that the right to bail attaches “before trial” and encompasses all stages of the proceedings, including those which occur prior to institution of prosecution.[9]
Defendant points out that the legislature amended the bail jumping statute in 2008, and concedes that “under a former version of the statute, the State would have firm ground on which to rest its statutory analysis,” noting that it was only after its amendment that the statute added the requirement that there be a “case pending.”[10] The question is whether this amendment was an attempt by the legislature to alter the purpose of the bail jumping statute so that the statute could not be used to assure the appearance of those defendants who are not formally charged. I find no evidence to support such a conclusion.
112La. R.S. 14:110.1(A), as amended by Acts 2008, No. 54, § , provides:
A. Jumping bail is the intentional failure to appear at the date, time, and place as ordered by the court before which the defendant’s case is pending. If the state proves notice has been given to the defendant as set forth in Code of Criminal Procedure Articles 322 and 344, a rebuttable presumption of notice shall apply, and the burden of proof shifts to the defendant to show that he did not receive notice. The fact that no loss shall result to any surety or bondsman is immaterial.
*811 Prior to the 2008 amendment,- La. R.S, 14:110,1(A) read:
A. Jumping bail is the intentional fail-lire to appear at such time and place as designated by the judge or committing magistrate- who has fixed the amount of the bail bond. The fact that no loss shall result to any surety or bondsman is immaterial.
A review of the legislative history of-the 2008 amendment to La. R.S. -14;110.1(A) reveals no intent to substantively alter the crime of bail jumping. Rather, according to the 2008 La. Sess. Law Serv. Act 54 (S.B. 263) (West 2008), La. R.S. 14:110.1(A) was amended and reenacted relative to the offense of jumping bail “to provide for clarification of failing- to appear when ordered by. the court; and to provide for related matters.” Id. (emphasis added). The language of the earlier version of the statute indicated that a defendant committed bail jumping when he failed to appear at such time and place as designated by the judge or -committing magistrate who had fixed the amount of the bail bond. The new law thus changed the specific reference to the bail setting judge or magistrate to a broader judicial forum; i.e., a defendant can commit bail jumping for failing to appear as order to do so by the court. Under the amended statute, a.defendant could .be charged with bail jumping for failing to appear as ordered before any member of the court, even if that specific judge or magistrate was not the one who had set the bail.[11] Therefore," the statute clarified and broadened the forum before |1awhich a defendant may be ordered to appear but nothing in the amendment indicates a desire -by the legislature to- remove bail-jumping as a punishable offense- for pre-indicted or pre-billed defendants released - on bail. Moreover, nothing in the legislative history supports that the legislature intended to alter, the underlying purpose of the statute, i.e., to assure the appearance of defendants in court.
In-addition to the above considerations, under Louisiana law, “[a] statute should be interpreted so as -to avoid ■ absurd; consequences.” State v. Booth, 347 So.2d 241, 243 (La.1977), citing Hayes v. Orleans Parish School Board, 256 La. 677, 237 So.2d 681 (1970); State v. Seals, 255 La. 1005, 233 So.2d 914 (1970); Smith v. Flournoy, 238 La. 432, 115 So.2d 809 (1959). See also, State v. Bedford, 2001-2298 (La.1/28/03), 838 So.2d 758, 760 (“When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the. intent of the legislature.”’) (citation omitted). Acceptance of Defendant’s argument that the bail jumping statute applies only to those defendants who abscond after the institution of formal charges would certainly lead to an absurd result: a defendant not formally charged who signs a criminal appearance bond indicating his obligation to appear in court at all times designated would risk different consequences than that of a formally charged defendant who obligates himself in the same manner. Article 1, Section 18 of the Louisiana Constitution sets forth a presumption in favor of *812 bail for all non-capital defendants yet the bail-jumping statute, as interpreted by Defendant, would be unenforceable against many. It would be inconsistent for the Louisiana Constitution to endow defendants with a right to bail prior to the institution of prosecution and yet have the legislature empower the State to enforce the bail jumping statute only after prosecution has commenced. |uThere is no evidence that the legislature’s 2008 amendment to La. R.S. art. 14:110.1 was intended to accomplish such an inconsistent objective or to punish defendants who are formally charged more harshly than those who absconded prior to formal institution of prosecution.
Accordingly, I dissent from the majority’s decision as I find that the bail jumping statute was intended to apply to defendants who are released on bail regardless of whether prosecution has been instituted pursuant to the methods set forth in La. C.Cr.P. art. 382.1 would therefore reverse the district court’s ruling on Defendant’s motion to quash and remand this matter to the district court for further proceedings.

. See La.C.Cr.P. art. 382(A) which provides: "A prosecution for an offense punishable by death, of for an offense punishable by life imprisonment, shall be instituted by indict *805 ment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information.” See also La.C.Cr.P. art. 934(7) which provides: " ‘Institution of prosecution’ means the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as a basis of a trial.”

. Black's Law Dictionary 243 (9th ed. 2009)(emphasis added). Black's Law Dictionary also defines criminal proceeding to include "a proceeding instituted to determine a *806 person's guilt or innocence or to set a convicted person’s punishment” and, more generically, "a criminal hearing or trial.” Black’s Law Dictionary 1324(9thed. 2009).

. Black’s Law Dictionary 482 (9th ed.2004). "Accused” has been used to refer to a “person who has been arrested and brought before a magistrate.” Id. at 25.

. Black’s Law Dictionary 243 (9th ed. 2004).

. Black’s Law Dictionary 1324 (9th ed. 2004).

. Black's Law Dictionary 1324 (9th ed. 2004).

. Black’s Law Dictionary 1248 (9th ed. 2004).

.The Louisiana Code of Criminal Procedure distinguishes between bail set before conviction (see La.C.Cr.P. art. 330) and after conviction (see La.C.Cr.P. art. 332). Notably, the legislature made no distinction in the Code of Criminal Procedure for bail posted either before or after the institution of prosecution by the State. It is'also worth noting that bail procedural issues appear in the Louisiana Code of Criminal Procedure immediately after the section of the Code dealing with preliminary examinations and before the section relating to institution of prosecution. Generally, the Louisiana Code of Criminal Procedure is laid out in an orderly, chronological ' fashion. For example, Title IV promulgates the rules for Search Warrants, Title V-VI those for Arrest and Extradition: Title VII Preliminary Examinations, and Title VIII controls Bail. However, it is not until Title X that the Institution of Criminal Prosecutions is discussed. The fact that bail concerns are addressed prior to rather than after the section pertaining to institution of prosecutions and that the word "defendant” used throughout further supports our finding that issues regarding bail may arise prior to the institution of formal prosecution. See La.C.Cr. P. art. 934(4).

. La. Const, art. 1, Section 18 provides: Right . to Bail
. Section 18. (A) "Excessive bail shall not be required. Before and during a trial, a person shall be bailable by sufficient surety, except when he is charged with a capital offense and the proof is evident and the presumption of guilt is great.” (emphasis added)

. Defendant references the 1982 amendment; however, this amendment only made changes to the penalties for a violation of the bail-jumping statute. The statutory language now being challenged was first set forth in the 2008 amendment.

. See also Louisiana Bill Digest, Original, 2008 Reg. Sess. S.B. 263 (West), effective August 15, 2008, which states, relative to the 2008 amendment to La.,R.S. 14:110.1: “Present law criminalizes relative to the crime of jumping bail only a failure to appear before the judge or committing magistrate who had fixed the amount of bail. Proposed law criminalizes a failure to appear when ordered to do so by the Court. Proposed law creates a re-buttable presumption that the defendant received notice to appear in court when the provisions of C.Cr. P. 322 and 344 have been established by the state.”