HIGGINBOTHAM, J.
 

 |2This appeal was taken by the Department of Public Safety and Corrections, Office of Motor Vehicles (“OMV”) from a district court judgment reinstating plaintiffs driver’s license, without condition, following an arrest for allegedly operating a vehicle while intoxicated.
 

 FACTS AND PROCEDURAL HISTORY
 

 On September 19, 2009, Jade Bou-dreaux was arrested for an alleged violation of La. R.S. 14:98 (operating a vehicle while intoxicated). Boudreaux was read his rights relating to the chemical test for intoxication, and he signed a form stating the consequences for failure to take the test. Boudreaux refused to provide a sample for the breath test. As a result of his refusal to submit to the test, the OMV suspended Boudreaux’s license for 365 days pursuant to La. R.S. 32:667(B)(2)(a). Boudreaux timely requested, and was granted, an administrative hearing to contest the proposed suspension of his license. The administrative law judge affirmed the suspension of Bou-dreaux’s license on January 12, 2010. Thereafter, Boudreaux filed a petition for injunction and judicial review with the 19th Judicial District Court.
 

 In conjunction with that petition, on February 19, 2010, the district court granted an
 
 ex parte
 
 order restraining the OMV
 
 *769
 
 from withholding or suspending Bou-dreaux’s license. Prior to the matter being heard, Boudreaux was found not guilty of operating a vehicle while intoxicated. Subsequent to the not-guilty verdict, Bou-dreaux filed a rule that requested the OMV to show cause why his driver’s license suspension should not be ruled invalid and why his license should not be immediately reinstated and returned to him, without restriction or condition, |sin accordance with La. R.S. 32:667(H)(1).
 
 [1]
 

 After a hearing, the district court signed a judgment reinstating Boudreaux’s driver’s license, without restriction. It is from this judgment that the OMV appeals, asserting that the district court erred in reinstating, without restriction, Bou-dreaux’s driving privileges.
 

 The facts in this case are not disputed. Further, it is not disputed that Boudreaux had a previous arrest for an alleged violation of La. R.S. 14:98 on September 22, 2007. Boudreaux completed a pre-trial intervention program, and the charges were dismissed by the District Attorney’s Office. The parties also agree that the September 19, 2009 charge did not result in a conviction and that Boudreaux is entitled to reinstatement of his license under La. R.S. 32:667(H)(1). However, the OMV contends that, because this was Boudreaux’s second arrest for an alleged violation of La. R.S. 14:98, and because after his second arrest he refused to submit to a chemical test for intoxication, La. R.S. 32:667(I)(l)(a) requires that an ignition interlock device be installed on Boudreaux’s vehicle as a condition of the reinstatement of his license.
 

 | .¡Boudreaux contends that he was never convicted of operating a vehicle while intoxicated after the first arrest; therefore, he has not yet had a first violation under La. R.S. 14:98, and he is not required to have an interlock device placed in his vehicle.
 

 LAW AND ANALYSIS
 

 The issue in this case involves the interpretation of La. R.S. 32:667(I)(l)(a). Thus, it is a question of law and is reviewed by this Court under a
 
 de novo
 
 standard of review.
 
 Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.,
 
 2006-0582 (La.11/29/06), 943 So.2d 1037, 1045. Louisiana Revised Statute 32:667(I)(l)(a) states:
 

 I. (1) In addition to any other provision of law, an ignition interlock device shall be installed in any motor vehicle operated by any of the following persons whose driver’s license has been suspended in connection with the follow
 
 *770
 
 ing circumstances as a condition of the reinstatement of such person’s driver’s license:
 

 (a) Any person who has refused to submit to an approved chemical test for intoxication, after being requested to do so, for a second violation of R.S. 14:98 or 98.1 or a parish or municipal ordinance that prohibits operating a vehicle while intoxicated and whose driver’s license has been suspended in accordance with law. (Emphasis added)
 

 The question we must now determine is whether the word “violation” in La. R.S. 32:667(I)(l)(a) means an arrest and charge or whether it means a conviction. OMV argues that violation as used in the statute means arrested and charged with a crime; however, the district court determined that violation, as used in the statute, requires a conviction for operating a vehicle while intoxicated.
 

 Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute.
 
 State v. Campbell,
 
 2003-3035 (La.7/6/04), 877 So.2d 112, 117. The starting point for the interpretation of any statute is the | (¡language of the statute itself.
 
 SWAT 24 Shreveport Bossier, Inc. v. Bond,
 
 2000-1695 (La.6/29/01), 808 So.2d 294, 302;
 
 Cat’s Meow, Inc. v. City of New Orleans,
 
 98-0601 (La.10/20/98), 720 So.2d 1186, 1198. When a statute is clear and unambiguous and its application does not lead to absurd consequences, the statute is applied as written, and no further interpretation may be made in search of legislative intent.
 
 See
 
 La. C.C. art. 9; La. R.S. 1:4. The rules of statutory interpretation require that a statute’s meaning and intent are determined after consideration of the entire statute and all other statutes on the same subject matter, and a construction should be placed on the provisions in question which is consistent with the express terms of the statutes and with the obvious intent of the legislature in its enactment of the statutes.
 
 See Richard v. Hall,
 
 2003-1488 (La.4/23/04), 874 So.2d 131, 149.
 

 After Boudreaux’s first arrest, he was alleged to have violated the statute; however, he was not convicted of a violation of the statute. An actual violation must be proven. Therefore, under the clear language of the statute, Boudreaux never had a first violation of La. R.S. 14:98 and does not fit the persons listed under La. R.S. 32:667(I)(1)(A). Further, Part XIV under Chapter Three of Title 32 in the Louisiana Revised Statutes, titled “Tests for Suspected Drunken Drivers,” utilizes express language in sections 667(A) and 666(A)(3), focusing on when a law enforcement officer places a person “under arrest for a violation of R.S. 14:98.... ” The legislature could have used this same language in section 667(I)(l)(a) if it had contemplated that a second arrest and refusal to take the breath test would be sufficient to bring about the consequences of requiring an interlock device as a condition of reinstatement of a person’s driver’s license. Obviously, the legislature intended otherwise.
 

 ^CONCLUSION
 

 For the foregoing reasons, the judgment of the district court is affirmed. The costs of the appeal are assessed to the Department of Public Safety, Office of Motor Vehicles in the amount of $645.50.
 

 AFFIRMED.
 

 CARTER, C.J., concurs with the results.
 

 [1]
 

 . Louisiana Revised Statute 32:667(H)(1) provides:
 

 When any person’s driver's license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee if at the time for reinstatement of driver’s license, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal. If, however, at the time for reinstatement, the licensee has pending against him criminal charges arising from the arrest which led to his suspension or revocation of driver’s license, the reinstatement fee shall be collected. Upon subsequent proof of final dismissal or acquittal, other than under Article 893 or 894 of the Code of Criminal Procedure, the licensee shall be entitled to a reimbursement of the reinstatement fee previously paid. In no event shall exemption from this reinstatement fee or reimbursement of a reinstatement fee affect the validity of the underlying suspension or revocation.