HANS J. LILJEBERG, Judge.
[¡¿Plaintiff appeals a summary judgment granted in favor of defendants, dismissing plaintiff’s lawsuit against them. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

On January 11, 2011, plaintiff, Matthew Ghergich, IV, filed a “Petition for Declaratory Judgment and to Inspect Records Pursuant to LSA-R.S. 22:1819,” against defendants, Paul Toye, III, Paul Toye, IV, Sal Michel, and Advanced Pain Management Clinic, L.L.C. (“Advanced”).[1] According to Mr. Ghergich, he and John De-Fraites formed Health Tech Wellness Center, L.L.C. (“Health Tech”), a pain management clinic, on October 14, 2004. Mr. Ghergich states that Paul Toye, III, and Sal Michel formed Advanced, a pain management clinic, on February 28, 2005, with Paul Toye, IV, listed as a member of Advanced.
In his petition, Mr. Ghergich contends that Health Tech merged with Advanced in October of 2005, and that Mr. Ghergich, Mr. DeFraites, Mr. Toye, III, and Mr. Michel were to have equal 25% membership interests in Advanced after | ¡¿December 31, 2005. According to Mr. Ghergich, the parties hired an attorney to prepare a written operating agreement, but not all of the members signed it.[2] Nevertheless, he asserts that the parties acted in conformity with the agreement and paid profit distributions to Mr. Gher-gich for several years.
Mr. Ghergich asserts that at some point, his profit distributions were steadily reduced, so he demanded that he be allowed to review Advanced’s records. He claims that this request was denied by Mr. Toye, III. As a result, Mr. Ghergich filed this lawsuit seeking a declaration that he is a member of Advanced, as well as an order from the court allowing him to inspect Advanced’s records, pursuant to La. R.S. 12:1319(B).[3]
*240 On May 7, 2013, defendants filed a motion for summary judgment, asserting that Mr. Ghergieh is not a member of Advanced and that he has never been able to produce any documentation or "other evidence to prove he has an ownership interest in Advanced. Defendants further argued that even if Mr. Ghergieh could prove that there was a merger between Health Tech and Advanced, which is denied, Mr. Ghergieh is not legally able to hold an ownership interest in Advanced, because he pled guilty to the charge of possession of marijuana in 1986 and thus, [^pursuant to La. R.S. 40:2198.12 and La. Admin. Code, Title 48, Part I, § 7803, he cannot legally own or operate a pain management clinic.[4]
In opposition to defendants’ motion for summary judgment, Mr. Ghergieh argued that he does not have a conviction for any “disqualifying crime,” because his conviction was set aside and his arrest record was expunged during the pendency of the present case, by order dated June 21, 2013. Mr. Ghergieh further argued that the Louisiana Department of Health and Hospitals waived any issues pertaining to his criminal history, because it took no action against Mr. Ghergich’s business since he began operating Health Tech in 2004.
After considering the arguments of counsel and the exhibits presented, the trial judge granted defendants’ motion for summary judgment and dismissed plaintiffs case against them. In his reasons for judgment, the trial judge stated that even if there was an agreement in October of 2005 to merge Health Tech and Advanced, the agreement would be an absolute nullity due to Mr. Ghergich’s prior conviction for possession of marijuana.

LAW AND DISCUSSION

Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Prince v. K-Mart Corp., 01-1151, p. 7 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248; Duncan v. U.S.A.A. Ins. Co., 06-363, p. 3 (La.11/29/06), 950 So.2d 544, 547. A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The | ^summary judgment procedure is favored, and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Nuccio v. Robert, 99-1327, p. 6 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, 87, unit denied, 00-1453 (La.6/30/00), 766 So.2d 544.
On appeal, Mr. Ghergieh argues that the trial court erred by granting defendants’ motion for summary judgment and dismissing his lawsuit. He claims that although an individual with a prior conviction for a disqualifying crime may not own a pain management clinic in his own name, neither La. R.S. 40:2198.12 nor La. Admin. Code, Title 48, Part I, § 7803 governs who can own a limited liability company (“L.L.C.”) that owns or operates a pain *241 management clinic, as long as the clinic was in operation before June 15, 2005.
In response, defendants argue that an L.L.C. cannot be used to circumvent statutory and regulatory requirements concerning ownership of pain management clinics. They claim that a fair interpretation of the intent of La. R.S. 40:2198.12 and La. Admin. Code, Title 48, Part I, § 7808 is to preclude the ownership, in whole or in part, of a pain management clinic by individuals with drug convictions, rather than to dictate the form of ownership by such individuals.
In 2005, the Louisiana Legislature enacted La. R.S. 40:2198.11 et seq., to regulate pain management clinics. La. R.S. 40:2198.11(8) defines a “pain management clinic” as “a publicly or privately owned facility which primarily engages in the treatment of pain by prescribing narcotic medications.” Both Health Tech and Advanced are considered pain management clinics under Louisiana law.
La. R.S. 40:2198.12(A) provides:
Except as provided in Subsection D of this Section, all pain management clinics shall be owned and operated by a physician certified in the subspecialty of pain management by a member board of the American Boards of Medical Specialties. All pain management clinics shall be licensed | fiby the department.
La. R.S. 40:2198.12(D) provides, in pertinent part:
The following shall apply to pain management clinics operating on or before June 15, 2005, pursuant to an occupational license or certificate of operation which has not been suspended or revoked:
[[Image here]]
(4) The pain management clinic shall not be owned in whole or in part by a person who has been convicted of or who has pled guilty or nolo contendere to an offense that constitutes a misdemeanor, the facts of which relate to the distribution or illegal prescription of any narcotic.
The Department of Health and Hospitals, which is authorized by La. R.S. 40:2198.12(B) to prescribe standards, rules, and regulations for pain management clinics, promulgated La. Admin. Code, Title 48, Part I, § 7803, which provides, in pertinent part:
(A) Except as specified in § 7803.B, each clinic shall be 100 percent owned and operated by a physician certified in the subspecialty of pain management by a member board of the American Boards of Medical Specialties.
(B) A clinic in operation on or before June 15, 2005, is exempt from § 7803.A if all of the following requirements are met.
[[Image here]]
3) The clinic is not owned, either in whole or in part, by an individual who has been convicted of, pled guilty or nolo contendere to a misdemeanor, the facts of which relate to the use, distribution, or illegal prescription of any controlled substance.
In opposition to defendants’ motion for summary judgment, Mr. Ghergich argued that he did not have a conviction for a disqualifying crime, because his conviction and sentence for possession of marijuana were set aside and his arrest record was expunged. Now, on appeal, Mr. Ghergich acknowledges that, pursuant to § 7803, “Mr. Ghergich’s conviction prevented him from owning a pain management clinic.” However, he now argues that he is not asking to be declared [7the owner of a pain management clinic; rather, he is asking to declared a member of an L.L.C., i.e., Ad *242 vanced, which happens to own a pain management clinic.
Based on our de novo review of the motion for summary judgment, opposition, and exhibits, we agree with the trial court that defendants are entitled to summary judgment. First, we note that the record does not contain any documentation or evidence, other than Mr. Ghergich’s assertions, that there was an agreement for Health Tech and Advanced to merge in October of 2005.[5] Further, there is also no evidentiary support for Mr. Ghergich’s assertion that he would be a member of Advanced, if that were legally possible.[6] Finally, § 7803 specifically prohibits the ownership of a pain management clinic, in whole or in part, by an individual who has been convicted of a misdemeanor related to the use, distribution, or illegal prescription of any controlled substance. Clearly, a membership interest in Advanced would constitute ownership in part of the pain management clinic.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; Boudreaux v. Louisiana Dept. of Public Safety and Corrections, 12-239, p. 4 (La.10/16/12), 101 So.3d 22, 26. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10; Red Stick Studio Development, L.L.C. v. State ex rel. Dept. of Economic Development, 10-193, p. 10 (La.1/19/11), 56 So.3d 181, 188. Legislative intent is the fundamental question in all cases of ^statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762, 766.
In the present case, the language of § 7803 clearly prohibits any individual with a prior conviction related to use, distribution, or illegal prescription of a controlled substance from ownership, even in part, of a pain management clinic. If Mr. Ghergich were to own a membership interest in Advanced, it would be a violation of the terms of § 7803. Even if the language of this provision was not clear and required interpretation as to whether an L.L.C. with a member having a prior drug conviction is permitted to own a pain management clinic, the legislature could not reasonably have intended to allow an individual with a prior drug conviction to own an interest in a pain management clinic by forming an L.L.C. in order to circumvent the prohibition of an individual owning the same. The legislative intent is clear, and we find that ownership of an interest in Advanced is the same as ownership in part of the pain management clinic, which is prohibited by law in Mr. Ghergich’s case.
Accordingly, because Mr. Ghergich had a prior conviction for possession of marijuana, he was not legally permitted to own an interest in the pain management clinic, Advanced. Ownership in the L.L.C. in this case is ownership of the pain management clinic, which is prohibited. Thus, we *243 agree with the trial court that defendants are entitled to summary judgment.
Mr. Ghergich requests that the case be remanded to the trial court to allow him to pursue a claim for unjust enrichment, in the event that this Court agrees with the trial court that he is not legally permitted to be a member of Advanced due to his conviction for possession of marijuana. However, Mr. Ghergich did not set 19forth a claim for unjust enrichment in his petition or other pleadings in this case. We find no merit in this argument.

DECREE

For the foregoing reasons, we affirm the summary judgment rendered in favor of defendants, dismissing plaintiffs lawsuit against them.

AFFIRMED.

. The individual defendants are Mr. Gher-gich's cousins.

. In his petition, Mr. Ghergich states that a copy of the operating agreement is “attached and is plead in extenso.” However, the record before us does not contain a copy of the operating agreement or otherwise show that it was attached to the petition.

. La. R.S. 12:1319(B) provides:
B. Unless otherwise provided in the articles of organization or an operating agreement, a member may do any of the following:
(1) At the member’s own expense, inspect and copy any limited liability company record upon' reasonable request during ordinary business hours.
(2) Obtain from time to time upon reasonable demand the following:
(a) True and complete information regarding the state of the business and financial condition of the limited liability company.
(b) Promptly after becoming available, a copy of the limited liability company’s federal and state income tax returns for each year.
(c) Other information regarding the affairs of the limited liability company as is just and reasonable.
*240 (3) Demand a formal accounting of the limited liability company's affairs whenever circumstances render it just and reasonable.

. In defendants’ motion for summary judgment, Paul Toye, III, also asserts that he is entitled to summary judgment on an additional ground. He claims that he is not a member of and has no ownership interest in Advanced.

. We also note that the alleged merger of these two pain management clinics did not occur prior to June 15, 2005, and § 7803(C) provides that the license of a clinic is not transferable or assignable between individuals, clinics or both, and a license cannot be sold.

. Indeed, the evidence in support of and in opposition to the motion for summary judgment does not establish that any person,' including Mr. Toye and Mr. Michel, has an ownership interest in Advanced.