STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0011

DANNY BATTAGLIA, QUENTIN COLEMAN, JAMES GILMORE,
ANDERSON HILL, SCOTT LINGLE, AND TERRANCE SIMON

VERSUS

JAMES M. LEBLANC, SECRETARY, LOUISIANA DEPARTMENT
OF PUBLIC SAFETY AND CORRECTIONS

Decision Rendered: **JUN 1 7 2021**

\* \* \* \* \* \* \*

ON APPEAL FROM THE
19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER C698,570

HONORABLE WILLIAM A. MORVANT, JUDGE

\* \* \* \* \* \* \*

Carol A. Kolinchak
Kristen Rome
Hannah Vandecar
Stephen J. Haedicke
New Orleans, Louisiana
and
Jane Hogan
Hammond, Louisiana

Attorneys for Plaintiffs/Appellants
Danny Battaglia, Quentin Coleman,
James Gilmore, Anderson Hill, and
Scott Lingle

Jonathan R. Vining
Heather C. Hood
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee
James M. LeBlanc, Secretary,
Louisiana Department of Public
Safety and Corrections

**BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.**

Holdridge J., dissents w/ reason

**McDONALD, J.**

Five inmates, serving life sentences for murders they committed as juveniles, allege a recently amended statute entitles them to parole eligibility. They filed a petition seeking a writ of mandamus directing the Secretary of the Department of Public Safety and Corrections (DPSC) to set their parole eligibility dates. After the district court denied their petition, the inmates appealed. Upon review, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In the 2020 Regular Legislative Session, the Louisiana legislature passed 2020 La. Acts. No. 99 (Act 99), effective August 1, 2020, dealing with parole eligibility for certain incarcerated persons who: (1) were serving prison term(s) resulting in incarceration of 25 years or more, (2) were under 18 years old when they committed the offense, and (3) had met certain other conditions. Act 99 enacted La. R.S. 15:574.4J (Subsection J), which pertinently provides:

> (1) Notwithstanding any provision of law to the contrary, any person **serving a term or terms of imprisonment that result in a period of incarceration of twenty-five years or more** and who was under the age of eighteen years at the time of the commission of the offense shall be eligible for parole consideration pursuant to the provisions of this Subsection if [certain other] conditions have been met[.] (Emphasis added.) (Subsection J(1)(a)-(g) omitted.)

On August 12, 2020, Danny Battaglia, Quentin Coleman, James Gilmore, Anderson Hill, and Scott Lingle (Plaintiffs)[1] filed a petition for writ of mandamus directing DPSC to update its records to show Plaintiffs were parole eligible and to set their parole eligibility dates, pursuant to newly enacted Subsection J. Plaintiffs alleged they met all requirements of Subsection J and were entitled to have their parole eligibility dates set under its provisions. For purposes of this appeal, we accept Plaintiffs' representations that they have met Subsection J's requirements.

---

[1] In their appellate brief, Plaintiffs state that plaintiff Terrance Simon chose not to appeal.

In response,[2] DPSC argued Plaintiffs were not entitled to parole eligibility under newly enacted Subsection J. Rather, DPSC argued that previously enacted La. R.S. 15:574.4G (Subsection G) governed Plaintiffs' parole eligibility and the enactment of new Subsection J did not change that. Subsection G addresses parole eligibility for incarcerated persons who: (1) are serving life sentences for murder convictions, (2) were under 18 years old when they committed the offense, (3) have received a judicial determination of parole eligibility under La. C.Cr.P. art. 878.1B, and (4) had met certain other conditions. Subsection G pertinently provides:

> (1) Notwithstanding any provision of law to the contrary, any person **serving a sentence of life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) who was under the age of eighteen years at the time of the commission of the offense** and whose indictment for the offense was prior to August 1, 2017, shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1(B) and [certain other] conditions have been met[.] (Emphasis added.) (Subsection G(1)(a)-(g) omitted.)

In this case, after a hearing on Plaintiffs' petition for writ of mandamus, the district court signed a judgment on October 13, 2020, denying the petition, based on the court's conclusion that Subsection G was the more specific provision of La. R.S 15:574.4 applicable to Plaintiffs' parole eligibility and therefore prevailed over Subsection J. The district court designated the judgment as final under La. C.C.P. art. 1915B(1).

Plaintiffs appealed from the adverse judgment. After the appeal was lodged, the legislature passed 2020 La. Acts, 2nd Ex. Sess., No. 4 (Act 4), effective October 20, 2020, amending and reenacting Subsection J to clarify that its parole eligibility provisions do not apply to persons such as Plaintiffs, who were serving life sentences for first or second degree murder. As amended by Act 4, Subsection J now reads:

> (1) Notwithstanding any provision of law to the contrary, **and except as provided in Subsections D, E, F, G, and H of this Section,** any person serving a term or terms of imprisonment that result in a period of incarceration of twenty-five years or more and who was

---

[2] DPSC captioned its response to the petition for writ of mandamus as a "memorandum." Under La. C.C.P. art. 3783, a petition for a writ requires a written answer. A litigant's characterization of a pleading is not controlling. *See* La. C.C.P. art. 865; *Greene v. Succ. of Alvarado,* 15-1960 (La. App. 1 Cir. 12/27/16), 210 So.3d 321, 339.

3

under the age of eighteen years at the time of the commission of the offense shall be eligible for parole consideration pursuant to the provisions of this Subsection if all of the following conditions have been met:

\* \* \*

**(4) The provisions of this Subsection shall not apply to a person serving a sentence of life imprisonment for a conviction of R.S. 14:30 [first degree murder], 30.1 [second degree murder], 42 [first degree rape], or 44 [aggravated kidnapping].**
(Emphasis added.)

On appeal, Plaintiffs claim that, under well-settled rules of statutory construction, the district court erred in applying Subsection G, rather than Subsection J, to determine their parole eligibility. They also contend that retroactive application of Act 4 would violate constitutional provisions dealing with ex post facto laws, due process, and separation of powers.

## DISCUSSION

Courts interpret criminal statutes by using a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to their purpose. La. R.S. 14:3; *State v. Palermo,* 00-2488 (La. 5/31/02), 818 So.2d 745, 749. The interpretation of a statute begins with the language of the statute itself. *State v. Skipper,* 04-2137 (La. 6/29/05), 906 So.2d 399, 402-03. When a statute is clear and unambiguous, and its application leads to no absurd consequences, courts shall apply the statute as written. *See* La. C.C. art. 9; *Skipper,* 906 So.2d at 403. We must also presume that every word, sentence, or provision in a statute is intended to serve some useful purpose, is to be given effect, and that the legislature used no unnecessary words or provisions. *See Boudreaux v. La. DPSC,* 12-0239 (La. 10/16/12), 101 So.3d 22, 26. Consequently, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and surplusage, if a construction giving force to and preserving all words can legitimately be found. *Id.* Further, when two statutes deal with the same subject matter, and if there is a conflict between them, then the statute specifically directed to the matter at issue prevails over the more general statute. *See Burge v. State,* 10-2229 (La. 2/11/11), 54 So.3d 1110, 1113 *(per curiam).* Appellate courts use a *de novo*

4

standard when reviewing the interpretation and application of statutes. *See State v. McKinnies,* 13-1412 (La. 10/15/14), 171 So.3d 861, 867.

Plaintiffs contend Subsection J is clear and unambiguous, that we must apply it as written, and that our inquiry into its meaning ends there. However, if we construe Subsection J in this manner, such would disregard our duty to give effect to all parts of a statute, as well as our duty to apply a more specific statute over a more general statute. *See Boudreaux,* 101 So.3d at 26; *Burge,* 54 So.3d at 1113. Such an interpretation would render the more specific provisions of Subsection G meaningless and without useful purpose. That is, *read in isolation,* Subsection J would entitle Plaintiffs to parole eligibility, because they have all "[served] a term ... of imprisonment that result[s] in a period of incarceration of twenty-five years or more and [were] under the age of eighteen years at the time of the commission of the offense." But, Subsection G specifically applies to persons "serving a sentence of life imprisonment for a conviction of ... murder ... who [were] under the age of eighteen years at the time of the commission of the offense ... ." Thus, despite Subsection J's applicability to those who have served a prison term of 25 years or more for *any offense* they committed as juveniles, Subsection G specifically applies to Plaintiffs, because they are serving life sentences for committing the *specific offense* of murder as juveniles. Giving effect to and preserving both Sections G and J, we agree with the district court that Subsection G prevails over Subsection J here.[3]

Plaintiffs next argue that applying the above rule of specificity in interpreting Subsections G and J improperly ignores other rules of statutory interpretation, including the rule of lenity and La. R.S. 24:176A. The rule of lenity dictates that courts narrowly construe criminal statutes. *See State v. Turner,* 18-0780 (La. 5/8/19), 283 So.3d 997, 999. And, Louisiana Revised Statutes 24:176A, which codifies the principle of implied repeal, provides, "Unless otherwise specifically provided therein, all laws or parts of laws in conflict with a provision of a law subsequently enacted by the legislature are

---

[3] Because Subsections G and J both state that their provisions apply "[n]otwithstanding any provision of law to the contrary[,]" these identical "notwithstanding clauses" offer no aid in interpreting which subsection applies.

5

repealed by the law subsequently enacted." We first note that the rule of lenity does not automatically apply merely because a possibly narrow construction of a statute may exist. *Turner*, 283 So.3d at 999. We further note that repeals by implication are not favored and will only be permitted where two statutes are irreconcilably inconsistent and repugnant. *Silver Dollar Liquor, Inc. v. Red River Parish Police Jury*, 10-2776 (La. 9/7/11), 74 So.3d 641, 649. Rather, when two statutes deal with the same subject matter, courts have a duty to harmonize and reconcile them, if possible. *See* La. C.C. art. 13; *Silver Dollar Liquor, Inc.*, 74 So.3d at 649. Subsections G and J are not irreconcilably inconsistent and repugnant. Instead, they are statutes on the same subject matter that can be reconciled to apply to different groups of incarcerated persons who committed crimes as juveniles - those who committed murder as juveniles, and those who committed other offenses as juveniles and have served prison terms resulting in incarceration of 25 years or more. See *Church Mut. Ins. Co. v. Dardar*, 13-2351 (La. 5/7/14), 145 So.3d 271, 284.

Thus, based on our *de novo* interpretation of Subsections G and J, we conclude the district court correctly rendered judgment denying Plaintiffs' petition for writ of mandamus. Because we determine that Subsection J did not apply to Plaintiffs even before it was amended and reenacted by Act 4, we pretermit discussion of Act 4's effect on Subsection J and of Plaintiffs' arguments regarding Act 4's constitutionality. *See State v. Mercadel*, 03-3015 (La. 5/25/04), 874 So.2d 829, 834 (noting that a court should avoid constitutional questions when disposition of a case can be achieved on non-constitutional grounds).

## CONCLUSION

We affirm the district court's October 13, 2020 judgment denying the petition for writ of mandamus. We assess costs to Danny Battaglia, Quentin Coleman, James Gilmore, Anderson Hill, and Scott Lingle.

**AFFIRMED.**

6

DANNY BATTAGLIA, QUENTIN
COLEMAN, JAMES GILMORE,
ANDERSON HILL, SCOTT LINGLE,
AND TERRANCE SIMON

VERSUS

JAMES M. LEBLANC, SECRETARY
LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND
CORRECTIONS

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0011



**HOLDRIDGE, J., dissents and assigns reasons.**

I respectfully dissent. The legislature passed 2020 La. Acts, 2nd Ex. Sess., No. 4 (Act No. 4) after the appeal in this case was lodged. Act No. 4 amended La. R.S. 15:574.4 (Subsection J). If Subsection J is interpreted as the majority holds, the amendment of Subsection J would apparently have no effect and would be unnecessary. The long-standing rule of interpreting legislation is that a statute is intended to serve some useful purpose, is to be given effect, and that the legislature passes no unnecessary provision. See Boudreaux v. Louisiana Dept. of Public Safety and Corrections, 2012-0239 (La. 10/16/12), 101 So.3d 22. Therefore, I would vacate the district court's judgment and remand the matter for the district court to consider the proper application of Act No. 4, which amended Subsection J of La. R.S. 15:574.4.